DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, which granted the summary judgment motion of appellee/cross-appellant, American Manufacturers Mutual Insurance Company ("American").
 {¶ 2} On January 3, 2000, Lynne M. Swanson, who was driving her own car, and her minor children, Daniel Swanson, Jr.; Cristal Swanson; and Cory Swanson were injured in a motor vehicle collision caused by two other automobile operators. At the time of the collision, Lynne Swanson was employed by U.S. Utilities Company, Inc. ("U.S. Utilities"). U.S. Utilities held a commercial auto policy issued by American with a liability limit of $1,000,000. U.S. Utilities had rejected uninsured/underinsured motorist ("UM/UIM") coverage in the amount of $50,000.
 {¶ 3} As a consequence of the accident, Appellants/cross-appellees ("appellants"), Lynne, her children, and her spouse, Daniel Swanson, Sr., filed the instant cause, seeking, among other things, a declaration that they were afforded UM/UIM coverage and entitled to medical payments under the American commercial auto policy. In support of both of these propositions, appellants argued that they were "insureds" within the meaning of the American policy pursuant to Scott-Pontzer v. LibertyMutual Insurance Company, (1999), 85 Ohio St.3d 660 and Ezawa v. YasudaFire Marine Insurance Company (1999), 86 Ohio St.3d 557. They also asserted that, by operation of law, the limit of the UM/UIM coverage should be the same as the limit of liability in the American policy.
 {¶ 4} Appellants and American each filed motions for summary judgment on the coverage questions. In denying appellants' motion and granting American's motion, the trial court determined that the definition of an "insured" in the American business automobile insurance policy issued to U.S. Utilities is distinguishable from that found inScott-Pontzer. Therefore, the common pleas court decided that "the [American] policy insures only vehicles owned by U.S. Utilities, as evidenced by the schedule of covered autos." Because Lynne Swanson's personal automobile is not listed in the schedule of covered autos in the American policy, the court held that she was not entitled to UM/UIM coverage. The trial court did not specifically address coverage pursuant to the medical payments section of commercial auto policy.
 {¶ 5} Appellants appeal the common pleas court's judgment and claim that the following errors occurred in the proceedings below:
 {¶ 6} "I. The trial court erred in granting appellee's motion for summary judgment. finding that plaintiffs were not insureds for underinsured motorist purposes. (Trial court's April 10, 2003 Opinion and Judgment Entry.)"
 {¶ 7} "II. The trial court erred in failing to address appellant's [sic] claims that they were insureds under the medical section of the policy issued by appellee. (Trial court's April 10, 2002 [sic] Opinion and Judgment Entry."
 {¶ 8} American also filed a notice of a cross-appeal and assert as their cross-assignment of error:
 {¶ 9} "Appellants/cross-appellees are not entitled to UM/UIM benefits under the American policy because they are excluded from coverage pursuant to the `other owned vehicle' exclusion of the American policy."
 {¶ 10} For the following reason, we affirm the judgment of the trial court.
 {¶ 11} Appellants relied solely on Scott-Pontzer and a companion case, Ezawa, for the proposition that Lynne Swanson and her family were insureds for the purposes of UM/UIM coverage and medical payments under the American policy. However, Scott-Pontzer was limited, and Ezawa was overruled, by a recent case decided by the Ohio Supreme Court. SeeWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849.
 {¶ 12} In Galatis, at the syllabus, the Ohio Supreme Court held:
 {¶ 13} "2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co. [1988], 35 Ohio St.3d 208,519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mutual InsuranceCompany, (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)
 {¶ 14} "3. Where a policy of insurance designates a corporation as a named insured,
 {¶ 15} the designation of "family members" of the named insured as other insureds does not extend insurance coverage to the family member of an employee of a corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire Marine Co. of Am. [1999],86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)"
 {¶ 16} Here, it is undisputed that the collision in the present case did not involve an employee, Lynne M. Swanson, who was acting within the scope of her employment for U.S. Utilities. Moreover, Lynne M. Swanson is not a named insured in the American policy. As a result, neither Lynne nor any of her family is afforded UM/UIM or medical payments coverage under this commercial policy. Accordingly, appellants' first and second assignments of error are found not well-taken. American's assignment of error, which is actually an assignment of error asserted to prevent reversal, see R.C. 2505.22, is rendered moot.
 {¶ 17} On consideration whereof, this court finds that substantial justice was done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J. and Arlene Singer,J., CONCUR.